**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**Gary Greene,**

> **Plaintiff,**

**-v-**                                                     **Civil Action 2:13-cv-00345**
                                                            **JUDGE SMITH**
                                                            **Magistrate Judge Abel**

**Donald L. Venatter,** *et al.***,**

> **Defendants.**


**OPINION AND ORDER**

      Plaintiff, Gary Greene, initiated this action against Defendants, Donald Ray Venatter,

Derek Cales, Tedd Frazier, and Wesley Skaggs, alleging that Defendants violated his

Constitutional rights. This matter is before the Court on Defendants, Venatter and Cales' Motion

to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) due to insufficient

process and insufficient service of process. (Doc. 11). Defendants' Motion to Dismiss is

**DENIED.** There is no dispute that Plaintiff has failed to properly serve the named Defendants

within the 120 days required by Federal Rules of Civil Procedure 4(m). Nonetheless, the Court

will give Plaintiff one last opportunity to serve the summons and complaint upon Defendants in

compliance with Rule 4 of the Federal Rules of Civil Procedure within thirty (30) days of the

date of this Order. Plaintiff's failure to effect proper service within that time period will result in

the dismissal of his complaint in regards to any Defendants who have not yet been served, or

served improperly.

## I.     BACKGROUND

The Complaint alleges that on April 12, 2011, Plaintiff, Gary Greene, was at the Jackson County Municipal Court attempting to obtain documents from the Clerk of Court relating to cases in which he was a party. Defendant, Venatter, accosted Greene and ordered him to leave the building. While they were talking, Venatter summoned Defendants Frazier, Skaggs, and Cales. They collectively assaulted Greene. Claims are pleaded for assault and arrest in violation of the Fourth and Fourteenth Amendments to the United States Constitution; detention without probable cause; and excessive punishment in violation of the Fourth, Eighth and Fourteenth Amendments.

On April 11, 2013, Plaintiff filed a Complaint and summonses were issued by the Clerk's Office for all of the Defendants. (*See* Docs. 1 and 3). On August 14, 2013, the summonses for two of the four Defendants, Defendants Frazier and Skaggs, were returned executed. However, the summonses for Defendants Venatter and Cales were returned unexecuted. On September 18, 2013, Defendants Venatter and Cales moved for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) due to lack of service and/or insufficient service of process. (Doc. 11). On September 27, 2013, the Court issued the Preliminary Pretrial Order, granting Plaintiff's oral motion to extend the time to properly serve Defendants Venatter and Cales. However, no time limit was set on this extension. (Doc. 13). On December 13, 2013, Plaintiff filed a return of service for Defendant Venatter. However, the clerk's office notes that the service was improper because no new summons was issued by the Clerk for Defendant Venatter. On December 26, 2013, on request of the Court, Defendants filed a supplemental memorandum in support of their motion to dismiss. (Doc. 15). Defendant's supplemental memorandum asserts that pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5), Plaintiff's violation of

Rule 4(m) should result in the dismissal of Plaintiff's claims against Defendants, unless Plaintiff can show good cause for violating Rule 4(m). On January 16th, 2014, Plaintiff filed a memorandum contra to Defendant's memorandum. In this memorandum, the Plaintiff asserts that because Mr. Venatter's valid address is now known, a praecipe to the Clerk for service in accordance with Rule 4 of the South Carolina Rules of Civil Procedure, and a request for Alias Summons to accompany the praecipe would remove these issues and permit the case to proceed on the merits with respect to Defendant Venatter. The Plaintiff has not mentioned any progress in locating Defendant Cales' address.

## II.    DISCUSSION

Defendants Venatter and Cales move to dismiss Plaintiff's complaint, pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5), for failure to serve and for failure to properly serve the Defendants. Rule 4 of the Federal Rules of Civil Procedure sets out the federal courts' requirements for summons and service of process. If a plaintiff fails to comply with Rule 4, a defendant may seek to dismiss the plaintiff's claims under Rules 12(b)(4) and/or 12(b)(5). Defendants assert that without good cause, Plaintiff's violation of Rule 4(m) should result in the dismissal of Plaintiff's claims against Defendants. Rule 4(m) provides that

> [i]f a defendant is not served within 120 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period....

Fed.R.Civ.P. 4(m).

The first clause of Federal Rules of Civil Procedure 4(m) shows that a district court shall either (1) dismiss a complaint without prejudice, *or* (2) direct that service be made within a specified time, if a plaintiff fails to serve a summons and complaint within 120 days after filing

3

the complaint. *Osborne v. First Union Nat. Bank of Delaware*, 217 F.R.D. 405, 406 (S.D. Ohio 2003). The second clause of Rule 4(m) states that a district court *shall* extend the time for service if a plaintiff demonstrates good cause for failing to comply with the 120 day time requirement. *Id*. A plain reading of these two clauses shows that a district court generally possesses the discretion to dismiss a complaint or to allow service to be perfected within a specified time, regardless of the absence of good cause, whenever a plaintiff fails to perfect service within 120 days after filing a complaint. *Id*. The second clause then removes a district court's discretion if a plaintiff establishes good cause for his failure to comply with the 120–day time limit. *Id*. Upon a showing of good cause, a district court *shall* extend the time for service.  Further, the Supreme Court supports this reading of Rule 4(m). *See Henderson v. United States*, 517 U.S. 654 (1996). The Supreme Court cited the Advisory Committee Notes on Federal Rules of Civil Procedure 4(m) in its interpretation of Rule 4(m), stating that Rule 4(m) permits a district court to enlarge the time for service "even if there is no good cause shown."  *Id*. at 662.

In light of the persuasive authority from this Court, the plain language of the Rule, and the Supreme Court's interpretation of Rule 4(m), Plaintiff may be given additional time to effect service on Defendants Cales and Venatter, with or without showing of good cause. However, this extension is not unlimited. Plaintiff has been given over 300 days to properly serve Defendants. Plaintiff may serve the summons and complaint upon Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure within thirty (30) days of the date of this Order. Plaintiff's failure to effect proper service within that time period will result in the dismissal of his complaint in regards to any Defendants who have not yet been served, or served improperly.

5

### III.    DISPOSITION

Based on the aforementioned discussion, the Court **DENIES** Defendant's Motion to

Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(4) and 12(b)(5), at this

time. However, Plaintiff's failure to effect proper service within the thirty (30) day period

granted by this Court will result in the dismissal of his complaint with regards to any Defendants

who have not yet been served, or served improperly.

**IT IS SO ORDERED.**

/s/ *George C. Smith*_____
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**